**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | |
| **PETER PICONE,** | Criminal **No. 13-cr-128-AWT** |
| Defendant. | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Peter Picone ("Picone" or "the Defendant"), by and through his undersigned counsel, respectfully submits this Memorandum to assist this Honorable Court in imposing an appropriate sentence. Nothing in this Memorandum is intended to excuse the conduct of the defendant; he realizes it is inexcusable, acknowledges responsibility, and apologizes. He pled guilty because he was guilty. He participated in the conspiracy to which he pled guilty, but he exercises his right to describe to the Court more specifically the context in which the conduct occurred. This Memorandum then, is being offered to assist in properly placing the Defendant, and the offense conduct, in context relative to the United States Sentencing Guidelines and 18 U.S.C. §3553(a).

For the reasons set forth herein, the Defendant requests that he be sentenced to a non-incarceration sentence of house arrest and probation; with conditions which include mandatory restitution in an appropriate amount, community service, and continuing psychotherapeutic intervention for the psycho of the severe panic/anxiety disorder and resulting extended periods of deep depression with which he has been afflicted since his teenage years along with the Post Traumatic Stress Disorder (PTSD) which later arose largely from his military service in the

United States Army, all of which are detailed in the medical records attached hereto collectively as Exhibit 1 (A-D), and the letters of support collectively attached hereto as Exhibit 2 (A-Q).  On behalf of the defendant, undersigned counsel respectfully suggests that this sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), reflecting the seriousness of the offense, while promoting respect for the law, and providing a just punishment within the context of his offense conduct and consideration of his personal characteristics.  Respectfully, this proposed sentence reflects the "Diminished Capacity Provisions of United States Sentencing Guideline, section  U.S.S.G. 5k2.13"; as his impaired conduct substantially contributed to the foregoing offense conduct, as well as reflecting the mitigation provided by the Defendant's exemplary life prior and subsequent to the offense conduct[1].  And this conduct clearly represents a significant departure from the otherwise law-abiding family life he had led.  And, again, on his behalf, your undersigned reiterates that the Defendant assumes full legal and moral responsibility for his conduct, and nothing stated herein is meant to suggest otherwise.

**PROCEDURAL HISTORY**

On June 3, 2014, Peter Picone appeared before the Honorable Donna Martinez, U.D.N.J., by reference from the Honorable Alvin Thompson, and entered a guilty plea to Count Two of the Indictment alleging Conspiracy to Traffic in Counterfeit Military Goods in violation of 18 U.S.C.§2320 (a) and (b) 3(A) and was released on conditions.   A final Presentence Investigation Report ("PSR") was prepared by the United States Probation Department (Avimael Aponte) on February 19, 2015.  The revised PSR suggests a TOL of 23 and an advisory guideline range of

---

[1] While Count II of the Indictment to which the Defendant pled guilty speaks to a more limited time period of January/April 2012, it is clear that the overall enterprise(s), including historically related conduct, spans 2007-2012.

incarceration of 46 to 57 months. As noted in the Defendant's Objections to the PSR, undersigned counsel believes the correct TOL is 21 and guideline range 37 to 46 months, as stipulated by the parties, and a mandatory restitution of $352,076.00 not $2,360,622.80. The Defendant, however, respectfully requests that the Court exercise its considerable discretion and impose a sentence below the advisory guideline range; more specifically, appropriate periods of house arrest and probation with the conditions suggested, *infra,* mandatory restitution, no fine, as the Defendant is utterly without funds, and as applicable, an appropriate period of supervised release. The Defendant contends that an analysis of the factors contained in the relevant provisions of the U.S.S.G. and 18 U.S.C. § 3553(a) supports this request for a departure or variance.

## **BACKGROUND OF DEFENDANT AND OFFENSE CONDUCT**

The Defendant is a 42 year old married male living with his wife and two minor children in Massachusetts. He is consistently portrayed in the attached medical records and letters of support variously as a loving, caring husband, father, son, brother, uncle and friend who has been suffering from significant cycles of crippling severe panic/anxiety disorder followed by often extended periods of utter desolation and depression. An individual who has been essentially forced to work from home given the vicissitudes of his psychopathology, and whose occasional successes in his at-home based business were always proportional to his (non)capacity to remain even marginally functional. Despite the fact that the severity of his illness often made it virtually impossible for him to effectively, if not rationally, process information, and frequently even differentiate between reality and fiction, he has managed throughout to support his family.

The Defendant also spent approximately two years in the United States Army overseas on a combat-ready status. As part of a Patriot Missile Defense Team whose critical designated mission was the air defense of Saudi Arabia. In this context of perpetual readiness/deployment alert, his underlying psychological disorders were continuously and greatly exacerbated, resulting in his first truly major psychiatric meltdown and hospitalization as well as the development of full blow PTSD, from which he has never recovered.

The Defendant respectfully suggests that an appropriate application of the U.S.S.G. and 18 U.S.C. § 3553(a) factors to the circumstances herein should result in imposition of the sentence requested by the Defense; his substantially impaired capacity to process information and to make reason judgments significantly contributed to the very offense conduct herein. The 18 U.S.C. §3553(a) factors generally include (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (family man, no prior criminal record,) (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide the defendant with needed educational or vocational training or medical care, (3) the kinds of sentences available, (4) the kinds of sentence and the sentencing range established by the United States Sentencing Guidelines, (5) any pertinent policy statement, (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (7) the need to provide restitution to any victim of the offense 18 U.S.C. §3553(a).

With regard to the United States Sentencing Guidelines, the district court, while not bound by them, still must consult and consider then when imposing sentence. United States v. *Booker*, 543U.S. § 20 at 264. Courts of Appeals cannot disturb a district court's sentence

4

unless the appellate court finds that sentence unreasonable. *See id.* The United States Supreme Court clarified post-*Booker* sentencing procedure in *Gall v. United States*, 128 S. Ct. 586. The *Gall Court* indicated that when sentencing a defendant,

> [A] District court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing so, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

128 S Ct. 596-597 (internal citations and quotation admitted). The Supreme Court re-emphasized the point stating. "[T]he sentencing court does not enjoy the legal presumption that the Guidelines sentence should apply." Nelson v. United States, 129 S. Ct. 890 (2009), quoting Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456 (2007).

Circuit Courts of Appeal have noted that sentencing courts must employ "an increased degree of justification commensurate with an increased degree of variance" from the Advisory Sentencing Guideline range, the First Circuit has also held that under a post-*Gall* rubric, "there is no stringent mathematical formula that cabins the exercise of the sentencing court's discretion. Indeed, after *Gall*, the sentencing inquiry-once the court has duly calculated the GSR-ideally is broad, open-ended, and significantly discretionary. At that point, sentencing becomes a judgment call, and a variant sentence may be constructed based on a complex of factors whose interplay and precise weight cannot even be precisely described." See eg.,

*United States v. Martin*, 520 F.3d 87, 91-92 (1ˢᵗ Cir. 2008) (internal citations and quotations omitted) (affirming a 91-month downward departure from the advisory sentencing guideline range).

In requesting this sentence, the Defendant offers no excuses for his conduct, context and explanation. He knows and appreciates the wrongfulness of his actions and fully accepts responsibility therefor. He respectfully requests that this Court consider, and incorporate herein by reference, his objections to "The Offense Conduct" contained within the PSR.

The Defendant respectfully suggests (and did suggest in his PSR Response) that this Court should adjust his GSR downward because of, <u>inter alia</u>, the "diminished capacity" occasion by his long term, and severe mental illness. His judgment, decision making, and overall capacity to process information was severely compromised by his cycling mental illness form age 16 to the present, which clearly encompasses all of the relevant offense period. For a significant part of this period, he was suffering from crippling panic/anxiety, followed by extended deep depression, punctuated by the PTSD arising out of his military service and contributing significantly, without any doubt, to the commission of the offense conduct herein[2].

The Defendant respectfully asks the Court to consider that, under the circumstances, the sentence requested by the defense is, in fact, sufficient to meet the purposes prescribed by 18 U.S.C. §3553(a)(2), and constitutes the most just application of the United States Sentencing Guidelines and the 18 U.S.C. §3553 (a) calculus. A felony conviction, particularly to a man such as the Defendant, a proud man, honorably served his country, ninth grade dropout, who is

---

[2] It is noteworthy that the author of the PSR also notes that a below guideline range sentence may well serve the interests of justice appropriate for this Defendant.

6

deeply tied to family and community, is a terrible burden that he will have to answer for, in various contexts, for the rest of his life. Thus, there is a general deterrence in the sentence as the message is sent that violating the law will be punished with substantial consequences, loss of liberty, reputation, and separation from loved ones. Specific deterrence already has been met as the Defendant came to realize the devastating impact his behavior has had, not only upon him, but also upon his family. The public is not in need of protection from the Defendant and ironically, it is the Defendant himself who is most shamed by the realization that his conduct might have adversely affected his military comrades in arms - something that his impaired, challenged cognition prevented him from earlier comprehending.

In fact, the First Circuit has summarized the central principles of the post-Booker and *Gall* sentencing procedure described above, as follows:

> In the last analysis, a sentencing court should not consider itself constrained by the guidelines to the extent of that they are sound, case-specific reasons for deviating from them. Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always beyond the pale. Rather, the court "should consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue."

*United States v. Martin*, 520 F. 3d 87, 91 *(1st Cir. 2008) (quoting Gall, U.S. at 52).*

For the foregoing reasons, Peter Picone respectfully asks the Court to impose the requested sentence. In light of the facts and circumstances of the offense conduct and of this Defendant, the proposed sentence is sufficient, but not greater than necessary, to comply with

the purposes set forth under applicable federal precedent and is the most fair and just resolution of the competing demands facing the Sentencing Court. This is particularly true, where as here, a deeply impaired individual for most of his adult life, a family man, one who honorably and enthusiastically served his country, with absolutely no prior record of any wrong doing – and other than this offense, rather a life-time of right-doing, asks this Court for mercy and compassion for himself and his family.

Dated: April 30, 2015
/*S/ V. Van Johnson III*/
V. Van Johnson III (ct26798)
Raipher D. Pellegrino Associates, P.C.
265 State Street
Springfield, MA
Telephone:  413-746-4400
Fax:  413-746-2816
vvj@rdpalaw.com


*/S/ Jeffrey A. Denner*
Jeffrey A. Denner, BBO#120520
JEFFREY DENNER ASSOCIATES, PC
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
Tel.    617.227.2800
Fax.    617.973.1562
jdenner@dennerlaw.com

**Certificate of Service**

      I, certify that this document filed with the ECF System will be sent to the registered participants as identified on the Notice of Electronic Filing (NEF).

Edward Chang
U.S. Attorney's Office-NH
157 Church Street, 23rd Floor
New Haven, CTG 06510
Edwardchange@usdoj.gov

Evan Charles Williams
U. S. DOJ
1301 New York Avenue
Washington, DC 20005
evan.williams@usdoj.gov

Kendra Ervin
U. S. Department of Justice
Criminal Division
Computer Crime and Intellectual Property Section
1301 New York Avenue, Suite 600
Washington, DC 20005
Kendra.Ervin@usdoj.gov

Carol L. Sipperly
U.S. Attorney's Office-NH
157 Church Street
New Haven, CT 06510
carlo.sipperly@usdoj.gov

Raymond F. Miller
U. S. Attorney's Office-NH
157 Church Street, 23rd, Floor
New Haven, CT 06510
ray.miller2@usdoj.gov